IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02568-PSF-CBS

RONALD W. HICKS,
    Plaintiff,
v.

TERRY MAKETA,
LT. TOM DELUCA, and
FRAN LEPAGE,
    Defendants.

___

RECOMMENDATION FOR DISMISSAL
___

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Mr. Hicks' failure to comply with Title 28 U.S.C. § 1915 and the court's Orders. Pursuant to the Order of Reference dated February 2, 2007 (doc. # 6), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions."

I.    Background

    On December 26, 2006, the court granted Mr. Hicks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* "Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee" (doc. # 2)). Mr. Hicks was permitted to proceed

with this civil action without paying an initial partial filing fee and was ordered to pay the required $350.00 filing fee through monthly installments. (*See* doc. # 2). Title 28 U.S.C. §1915(b)(2) requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" until the filing fee is paid in full. Thus, the court ordered Mr. Hicks to "make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." (*See* doc. # 2). Mr. Hicks was directed that, in order to show cause, he "must file a current certified copy of his trust fund account statement." (*See* doc. # 2). Mr. Hicks was warned that failure to comply with these requirements may result in dismissal of this civil action without further notice. (*See* doc. # 2).

Between December 26, 2006 and April 18, 2007, Mr. Hicks filed only two inmate trust account statements. (*See* doc. # 8; doc. # 20 at p. 3 of 3). On April 18, 2007, the court ordered Mr. Hicks to either make the required monthly payments or to show cause why he cannot. (*See* doc. # 21). The court warned Mr. Hicks that failure to comply with the court's Order would result in the dismissal of this action. (*See* doc. # 21). Mr. Hicks filed an inmate trust account statement on May 3, 2007. (*See* doc. # 23).

Mr. Hicks did not make any payments or file any inmate trust account statements in June or July 2007. On July 26, 2007, the court ordered Mr. Hicks to either make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments. (*See* doc. # 32). The court warned Mr. Hicks

2

that failure to comply with the court's Order would result in the dismissal of this civil action.  (*See* doc. # 32).

In response to the court's Order to Show Cause (doc. # 32), Mr. Hicks filed a letter with an attached inmate account statement for the period February 1, 2007 through August 3, 2007.  (*See* doc. # 33).  In the letter, Mr. Hicks first states "I was never informed that I would have to supply the court with a copy of my inmate account balance every month." (*See* doc. # 33).  Contrary to Mr. Hicks' assertion, the court's December 26, 2006 Order states, in pertinent part:

> FURTHER ORDERED that until the $350.00 filing fee is paid in full, Mr. Hicks shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payments.  Mr. Hicks is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order.  In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement.

(doc. # 2 at pp. 2-3).

Moreover, notwithstanding his assertion, Mr. Hicks has filed inmate account statements on February 2, 2007 (doc. # 8), April 10, 2007 (doc. # 20 at p. 3 of 3), and May 3, 2007 (doc. # 23).  After filing some inmate account statements, Mr. Hicks may not credibly claim that he was not informed that he must do so.

Mr. Hicks next states in his letter that he "[m]akes 60 cents a day, $3.00 dollars a week, or $12.60 a month, of this monthly amount 20% of that amount is taken for

restitution the rest of the money is needed for hygiene items." After Mr. Hicks' mandatory restitution payments, making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

Mr. Hicks' inmate account statement filed on August 7, 2007 shows a monthly income for May of $11.49, for June of $8.50, and for July of $12.60, yet Mr. Hicks has made no payments towards his filing fee. Mr. Hicks was required to pay the court $2.30 in May, $1.70 in June, and $2.52 in July. Mr. Hicks has not complied with 28 U.S.C. § 1915 or the court's Orders and has not offered any credible explanation why he has failed to make the required payments towards his filing fee.

Mr. Hicks has further failed to make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of August and September 2007.

II.   Analysis

Before choosing dismissal as a just sanction, the court must consider the relevant factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *The Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of

4

interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, while Mr. Hicks has not complied with his obligations, the Defendants have been defending themselves from his claims since this civil action was filed in 2006, including the filing of motions. Second, the court has expended its resources to continually evaluate Mr. Hicks' ability to pay each month and repeatedly warn Mr. Hicks of his obligations to comply with court orders and with 28 U.S.C. § 1915. Third, the record does not reveal that anyone other than Mr. Hicks is culpable for his ongoing failure to comply with the court's Orders and 28 U.S.C. § 1915. Mr. Hicks has not adequately shown that he was unable to perform his obligations.

Fourth, the court fully warned Mr. Hicks of the possibility of dismissal for failure to comply with the court's Orders and 28 U.S.C. § 1915. The court has repeatedly directed Mr. Hicks either to make the required monthly payments of twenty percent of each month's income credited to his inmate trust account or show cause why he cannot make the required monthly payments by filing a certified copy of his inmate trust account statements. The court has repeatedly warned Mr. Hicks that if he fails to comply with the partial filing fee payment requirements at any time before the filing fee is paid in full, this civil action may be dismissed.

Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to comply with previous court orders and statutory requirements for payment. As all of the *Ehrenhaus* factors weigh against Mr. Hicks, dismissal of this civil action is appropriate to enforce the court's Orders and Title 28 U.S.C. § 1915.

III.    Conclusion

Accordingly, IT IS RECOMMENDED that this civil action be dismissed with prejudice for failure to comply with 28 U.S.C. § 1915 and the court's Orders.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The District Judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The District

Judge may accept, reject, or modify, in whole or in part, the recommendations or findings made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 27th day of September, 2007.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge