IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-02568-PSF-CBS

RONALD W. HICKS,

    Plaintiff,

v.

TERRY MAKETA,
LT. TOM DELUCA, and
FRAN LEPAGE,

    Defendants.

---

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DATED SEPTEMBER 27, 2007**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Dated September 27, 2007 (Dkt. # 37), in which the Magistrate Judge recommended that this action be dismissed for plaintiff's failure to comply with 28 U.S.C. § 1915 and the Court's orders. Plaintiff Ronald Hicks filed Objections to the Recommendation on October 15, 2007 (Dkt. # 38).[1] The Court reviews *de novo* "any portion of the magistrate judge's disposition to which specific written objection has been made." F.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).

**I.    BACKGROUND**

On December 26, 2006, the Magistrate Judge issued an order (Dkt. # 2) granting plaintiff leave to proceed with this civil action *in forma pauperis* pursuant to 28 U.S.C.

---

[1] Plaintiff appears to have misinterpreted the Recommendation as a motion to dismiss filed by defendants' attorney and frames his pleading as a response to the "motion." Because plaintiff is *pro se*, the Court liberally construes plaintiff's response as an objection to the Recommendation.

§ 1915. In that order, the Magistrate Judge determined that plaintiff was unable and therefore not required to pay an initial partial filing fee, but that he ultimately remained obligated to pay the entire $350.00 filing fee. Plaintiff was ordered to make monthly payments to the Court of 20 percent of the preceding month's income credited to his account or show cause why he had no assets and no means by which to make each monthly payment by filing a certified copy of his trust fund account statement. Plaintiff was warned that, if he failed to have the appropriate monthly payment sent to the clerk of the court or to show cause *each month* as directed above why he had no means by which to make the monthly payment, the action would be "dismissed without prejudice and without further notice." Dkt. # 2 at 3.

Plaintiff filed a copy of his trust fund account statement on February 21, 2007 (Dkt. # 8) and April 10, 2007 (Dkt. # 20). On April 18, 2007, the Magistrate Judge ordered "plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment [of 20 percent of the preceding month's income] or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment." Dkt. # 21 (emphasis in original). Plaintiff was warned that failure to comply with this requirement would result in a recommendation that the case be dismissed.

In response to the Magistrate Judge's order, plaintiff filed a copy of his trust fund account statement on May 3, 2007 (Dkt. # 23). However, plaintiff did not make monthly payments in June or July or file copies of his account statements during those months. Accordingly, the Magistrate Judge issued another order to show cause on July 26,

2

2007 (Dkt. # 32) again requiring plaintiff to make monthly payments or to show cause each month why he was unable to make those payments, and again warning plaintiff that failure to comply could result in dismissal of the case. Plaintiff filed a copy of his trust fund account statement on August 7, 2007 (Dkt. # 33). Since that date, no further payments or account statements have been filed.

## II.     RECOMMENDATION AND OBJECTIONS

The Magistrate Judge issued a Recommendation of dismissal on September 27, 2007, stating in pertinent part:

> Mr. Hicks' inmate account statement filed on August 7, 2007 shows a monthly income for May of $11.49, for June of $8.50, and for July of $12.60, yet Mr. Hicks has made no payments toward his filing fee. Mr. Hicks was required to pay the court $2.30 in May, $1.70 in June, and $2.52 in July. Mr. Hicks has not complied with 28 U.S.C. § 1915 or the court's Orders and has not offered any credible explanation why he has failed to make the required payments toward his filing fee.
>
> Mr. Hicks has further failed to make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of August and September 2007.

Rec. at 4. The Magistrate Judge noted that plaintiff's purchases of hygiene items at the canteen "in lieu of making his required monthly payments" did not constitute good cause for nonpayment. *Id.* (citing *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("[W]hen a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments.")). The Magistrate Judge concluded that dismissal of this action was appropriate to enforce the court's orders and 28 U.S.C. § 1915. *Id.* at 6.

3

In his objection, plaintiff essentially argues that the purchase of hygiene products from the canteen does constitute good cause for nonpayment, as such products do not qualify as "amenities." Obj. at 3. Plaintiff also appears to argue that the financial information relayed by the Magistrate Judge was "false and very misleading," although he does not explain the basis for that contention. *Id.* at 4.

### III. ANALYSIS

Under the 1996 Prison Litigation Reform Act ("PLRA"), indigent prisoners "need not pay federal court filing fees in full prior to initiating litigation," but ultimately are "required to pay the full amount of a filing fee." *Cosby*, 351 F.3d at 1326 (citing 28 U.S.C. § 1915(b)(1)). After payment of an initial partial filing fee, which in this case was waived, the remainder of the fee is paid in monthly installments of "20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). However, the PLRA "'allows payment to be taken from the prisoner's account only where the amount in the account exceeds $10.'" *Cosby*, 351 F.3d at 1326 (quoting *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997)). Failure to pay the filing fee under 28 U.S.C. § 1915(b) "may result in the dismissal of a prisoner's civil action," and "if a court order requires partial payments, the Federal Rules of Civil Procedure allow a district court to dismiss the action for failure to comply with the order. *Id.* (citing F.R.Civ.P. 41(b)).

As noted above, in addition to the original order granting plaintiff leave to proceed *in forma pauperis*, the Magistrate Judge has issued two show cause orders requiring plaintiff either to make monthly payments to the Court or show cause each month why he is unable to make such payments by filing a certified copy of his trust

4

fund account statement. In both orders, plaintiff was warned of the possible dismissal of his case should he fail to comply. After the first order was issued on April 18, 2007, plaintiff filed *one* account statement on May 3, 2007 demonstrating his inability to make payments the previous month; however, plaintiff did not file an additional statement until the Magistrate Judge issued the second show cause order on July 26, 2007. Plaintiff again filed one additional account statement in response to that order in August 2007, but has filed no further statements with the Court.

The record demonstrates that plaintiff has failed to comply with both of the Magistrate Judge's show cause orders. Both orders clearly require plaintiff to make his monthly filing fee payments or show cause each month why he is unable to make such payments. The monthly showing of inability to pay is a standing requirement under the orders, and plaintiff is not entitled to wait for yet another show cause order before he is required to make such a showing.

The only explanation provided by plaintiff for his failure to file monthly account statements is in his response to the Magistrate Judge's July 26, 2007 show cause order, in which he contended he "was never informed that [he] would have to supply the court with a copy of [his] inmate account balance every month." Dkt. # 33. However, as noted above plaintiff was clearly so informed in both the original order granting him leave to proceed *in forma pauperis* and in the first show cause order. Moreover, plaintiff certainly cannot claim he was unaware of his responsibilities after filing that response, yet plaintiff did not file account statements for either September or October 2007 or provide an explanation for his failure to comply.

Finally, it appears that plaintiff was able to make at least one payment and failed to do so. In July 2007, plaintiff at one point had an account balance of over $10 and an income of $12.60. Dkt. # 33. The account statement for that month also shows that plaintiff made payments for postage costs, Xerox costs, and a canteen order, but there is no indication, and plaintiff does not argue, that he authorized a payment to the Court of $2.52, representing 20 percent of his income for that month. Under *Cosby*, plaintiff was not excused from making a partial filing fee payment in July 2007. 351 F.3d at 1327. Moreover, the Court is unable to determine whether plaintiff was justified in failing to make payments for September and October 2007 because, again, plaintiff has neither filed nor explained his failure to file account statements for those months.

In recommending dismissal as a sanction for plaintiff's conduct, the Magistrate Judge considered the factors set forth by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the amount of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. Having reviewed these factors, the Court agrees with the Recommendation.

Although the first factor does not weigh in favor of dismissal, as there has been no showing of actual prejudice to defendants, the remaining factors demonstrate that dismissal is warranted. Under the second factor, as noted by the Magistrate Judge, "the court has expended its resources to continually evaluate Mr. Hicks' ability to pay each month and repeatedly warn Mr. Hicks of his obligations to comply with court orders and with 28 U.S.C. § 1915." Rec. at 5. Under the third factor, the record

indicates that plaintiff alone is responsible for his failure to comply with court orders. Plaintiff's arguments revolve entirely around his inability to pay, and he has failed to set forth a legitimate justification, or indeed any justification at all, for his noncompliance.

Under the fourth and fifth factors, as discussed above plaintiff has been repeatedly warned both of his noncompliance with court orders and that failure to comply could result in dismissal of his case. Given plaintiff's continued and unjustified refusal to fulfill his obligations, the Court concludes that a lesser sanction would not be an effective deterrent. Thus, the Court holds that, in consideration of the *Ehrenhaus* factors, dismissal of this case is an appropriate sanction for plaintiff's failure to comply with 28 U.S.C. § 1915 and the Court Orders dated December 26, 2006 (Dkt. # 2), April 18, 2007 (Dkt. # 21), and July 26, 2007 (Dkt. # 32).

**IV.   CONCLUSION**

For the foregoing reasons, the Recommendation of United States Magistrate Judge (Dkt. # 37) is ACCEPTED, plaintiff's Objections are OVERRULED, and the underlying action is DISMISSED WITH PREJUDICE.

DATED:  November 27, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge