IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-02568-WDM-CBS

RONALD W. HICKS,

    Plaintiff,

v.

TERRY MAKETA,
LT. TOM DELUCA, and
FRAN LEPAGE,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

This case was reassigned to me on January 11, 2008 upon the death of Judge Phillip S. Figa. The matter is before me on Plaintiff's "Petition, asking the District Court and Magistrate Judge to Reverse the Order of Dismissal of the Plaintiff's Case against the Defendants listed above" (doc. # 42), filed on January 10, 2008. Defendants filed a response to the motion on January 24, 2008 (doc. # 45). For the reasons set forth below, the motion is denied.

Plaintiff Ronald Hicks filed this action *pro se* while incarcerated at the El Paso County Jail and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. He is currently housed at the Sterling Correctional Facility in Sterling, Colorado.[1] On November 27, 2007, the Court entered an order (doc. # 40) dismissing plaintiff's complaint with prejudice for failure to comply with 28 U.S.C. § 1915 and several court

---

[1] *See* Colorado Department of Corrections Inmate Locator System, http://exdoc.state.co.us/inmate_locator.

orders. The Court analyzed the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), in concluding that dismissal was an appropriate sanction for plaintiff's repeated noncompliance with the statute and orders. Judgment was entered on November 28, 2007 (doc. # 41).

Plaintiff appears to be requesting reconsideration of the Court's order of dismissal. A motion to reconsider is generally treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if served within ten days of the entry of judgment and is otherwise treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995). Plaintiff's motion does not appear to have been served by December 12, 2007, the deadline for filing a Rule 59(e) motion in this case, and should thus be construed under Rule 60(b).

Regardless of which rule the motion is analyzed under, however, it fails on its merits. As is relevant to plaintiff's arguments, an appropriate ground on which to consider a Rule 59(e) motion is the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Rule 60(b) provides in pertinent part that relief from judgment may be granted due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).

In his motion, plaintiff focuses almost entirely on his inability to pay the monthly filing fee and the Court's failure to determine whether plaintiff has attempted to comply with the court orders regarding payment by requesting or authorizing prison officials to withdraw the fee. However, this argument ignores the principal basis for the Court's dismissal of this action; specifically, even assuming plaintiff is correct that his partial

2

payments have been excused by his inability to pay, plaintiff repeatedly failed to comply with the court orders to show cause each month that he was unable to make such payments, despite multiple warnings that his case could be dismissed. Moreover, to this day plaintiff has never provided an explanation for his continued failure to file monthly inmate account statements in accordance with the Court's orders and 28 U.S.C. § 1915. Plaintiff also appears to argue that the Court erred in failing to consider a lesser sanction before dismissing the case. However, in its analysis of whether dismissal was appropriate under the *Ehrenhaus* factors the Court expressly concluded that a lesser sanction would not be an effective deterrent. In sum, the Court finds no clear error, inadvertence, or mistake warranting relief under Rule 59(e) or Rule 60(b).

For the foregoing reasons, Plaintiff's "Petition, asking the District Court and Magistrate Judge to Reverse the Order of Dismissal of the Plaintiff's Case against the Defendants listed above" (doc. # 42) is DENIED. The Clerk of the Court shall update plaintiff's address as follows: Ronald W. Hicks, #115447, Sterling Correctional Facility (SCF), 12101 Hwy 61, PO Box 6000, Sterling, CO 80751.

DATED: February 8, 2008

BY THE COURT:

s/ Walker D. Miller
_____
Walker D. Miller
United States District Judge